IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3215-BO

| | | |
|---|---|---|
| EDWARDS E. POOLE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CARTERET CNTY SHERIFF'S DEPT., | ) | |
| et al., | ) | |
| Defendants. | ) | |

On December 10, 2010, Edwards E. Poole filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights (D.E. # 1). He sued Carteret County Sheriff's Department, Sheriff Acea Buck, Detective Cooper, Deputy J. Johnson, Detective Phifer, Detective J. Pittman, Detective J. Willis, and Confidential Informant Travis Sanderson (Id.) On May 10, 2011, the court entered a detailed order dismissing the action as frivolous. (D.E. # 4) On May 23, 2011, plaintiff filed a motion for reconsideration (D.E. # 6) and a motion to amend the motion for reconsideration (D.E. # 13) on June 27, 2011. The motions are ripe for determination.

The court considers the motion to be one to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59. See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously];

or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Poole has not presented any argument warranting reconsideration, and has cited no recent change in the controlling law, newly discovered evidence, or a clear error that merits an alteration or amendment to the judgment.

Accordingly, while the motion to amend (D.E.#13) the motion for reconsideration is ALLOWED, the motion for reconsideration and the amendment thereto is DENIED (D.E. # 6).

SO ORDERED, this the 15 day of July 2011.

TERRENCE W. BOYLE
United States District Judge